IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:06-CR-133 |
| | ) |     2:07-CR-23 |
| GUILLERMO RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Speedy Trial filed by Defendant, Guillermo Rivera, on July 17, 2007. For the reasons set forth below, the Motion for Speedy Trial in case number 2:06-CR-133 is **GRANTED** and the Clerk is **ORDERED** to **REMAND** case number 2:07-CR-23 to the United States District Court for the Northern District of Illinois, where, pursuant to Federal Rule of Criminal Procedure 20(c), the Clerk must restore that matter to its docket. This Court **REAFFIRMS** its current trial setting of September 17, 2007.

BACKGROUND

Defendant, Guillermo Rivera ("Rivera") was indicted on Bank Robbery charges in the Northern District of Indiana on August 17, 2006. Prior to his indictment in the Northern District of Indiana, Rivera was indicted on similar charges in the Northern District of Illinois. On January 4, 2007, Rivera signed a document titled "Consent to Transfer of Case for Plea and Sentence (Under Rule 20)", in which he indicated that he wished to plead guilty to the offense

charged in Case No. 06CR396, and to consent to the disposition of that case together with the Indiana case pending under case number 2:06-CR-133.  The United States Attorneys for the Northern District of Illinois and the Northern District of Indiana agreed to this arrangement.  Accordingly, pursuant to Federal Rule of Criminal Procedure 20(a), the charges pending against Rivera in Illinois were transferred to this Court, and are now pending in case number 2:07-CR-23.  Furthermore, the two cases were consolidated for purposes of trial.

   A plea agreement was filed June 5, 2007, and a hearing was set for June 13, 2007.  After a discussion of the status of the case on June 13, 2007, the change of plea hearing was continued.  An amended plea agreement was filed June 26, 2007, and this Court again held a hearing on the plea agreement.  However, this hearing was continued to allow counsel to further discuss pending charges and penalties with the Defendant.  The change of plea hearing was rescheduled for July 11, 2007.  But, at the hearing held on the plea agreement on July 11, 2007, Rivera moved to withdraw his guilty plea.  This Court permitted Rivera to withdraw his guilty plea.  Rivera indicated that he wished to proceed to trial in Indiana, and Rivera's counsel indicated he would file a motion to that affect.  Rivera now seeks a speedy trial on the charges pending in cause number 2:06-CR-133 (his Indiana charges) pursuant to the Speedy Trial Act, 18 U.S.C. Section 3161 et. seq.  He has not filed a similar motion for speedy trial in case number 2:07-CR-23 (his Illinois charges).

DISCUSSION

The Government argues that Federal Rule of Civil Procedure 20 requires that Rivera's Illinois charges be returned to Illinois, and that Rivera is not entitled to a speedy trial on his Indiana charges at this time, because this Court should await resolution of the Illinois charges prior to proceeding to trial on the Indiana charges. Although Rivera was aware that this was the Government's position, his initial motion for a speedy trial failed to address these issues, prompting this Court to order a reply brief from Rivera.

First, this Court addresses the Government's contention that the Illinois charges should now be returned to Illinois. Federal Rule of Criminal Procedure 20 provides that:

> **(a) Consent to Transfer.**  A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:
>     (1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
> (2) the United States attorneys in both districts approve the transfer in writing.
>
> ...
>
> **(c) Effect of a Not Guilty Plea.** If the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket....

The Government argues that Rivera's Illinois charges should

be remanded to the Northern District of Illinois because Rivera has now plead not guilty in cause number 2:06-CR-133 (his Indiana charges).  In fact, Rivera plead not guilty to his Illinois charges quite some time ago, at an arraignment on April 9, 2007.  Because Rule 20 provides that the Illinois case could only be transferred if he intended to plead guilty to those charges, and should be returned if he pleaded not guilty to those charges, this case should have been remanded to Illinois on April 9, 2007.  In fact, if the intention was that Rivera would plead guilty to only the Indiana charges, the case should never have been transferred to this district in the first place.  Rivera's failure to plead guilty to the Indiana charges pending under 2:06-CR-133 is irrelevant to the issue of whether his Illinois charges now pending in 2:07-CR-23 should be remanded.  Nonetheless, as Rivera acknowledges, remand is appropriate.

However, the remand of the Illinois case alone is not dispositive of the issue of whether the Indiana charges should now proceed to a speedy trial here.  Rivera would normally be entitled to a trial within seventy (70) days from the date of the filing of the Indictment or Information, or from the date which Defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.  *See* 18 U.S.C. §3161(C)(1).  However, the Speedy Trial Act also contains certain exceptions.  18 U.S.C. Section 3161(h) provides that certain periods of delay are excluded in computing the time within which a trial must commence.  The exclusions include "Any

period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from trial with respect to other charges against the defendant.  18 U.S.C. § 3161(h)(1)(D).  18 U.S.C. Section 3161(h)(1)(G) also excludes "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedures."  18 U.S.C. § 3161(h)(1)(G).

    The Government takes the position that the Illinois charges should be tried first because Rivera was indicted on those charges first.  The Government initially offered no legal authority in support of this position. And, when this Court gave the Government an opportunity to produce legal authority on this subject, it pointed to only one Ninth Circuit case which is readily distinguishable.  *See United States v. Allsup*, 573 F.2d 1141 (9th Cir. 1978)(finding that delay occasioned by prosecution of defendant in Oklahoma was excludable from calculation of time permissible for trial of separate charges against defendant in Arizona).  While the indictment of the Illinois charges was first in time, this Court knows of no legal authority that would require that Rivera be tried first on those charges.  Because of the transfer pursuant to Federal Rule of Civil Procedure 20, the Illinois charges are not currently set for trial in Illinois, while the Indiana charges are set for trial on September 17, 2007.  While this Court agrees with the Government's suggestion that, should delay in trying this case be attributable to the

resolution of the Illinois charges, the time would be excludable for purposes of the Speedy Trial Act, the Government has not demonstrated that the pendency of Rivera's Illinois charges will impose any necessary delay in bringing Rivera to trial on his Indiana charges. Such delay is highly unlikely where the Defendant is housed in the MCC, in Chicago, Illinois, whether his Indiana charges proceed to trial or not. The interest of judicial economy weigh in favor of going forward with the trial set for September 17, 2003 on Rivera's Indiana charges. And, should Rivera decide to file a motion for a speedy trial on his Illinois charges, any actual delay resulting from the trial of the Indiana charges would be excludable.

CONCLUSION

For the reasons set forth above, the Motion for Speedy Trial in case number 2:06-CR-133 is **GRANTED** and the Clerk is **ORDERED** to **REMAND** case number 2:07-CR-23 to the United States District Court for the Northern District of Illinois, where, pursuant to Federal Rule of Criminal Procedure 20(c), the clerk must restore that matter to its docket. This Court **REAFFIRMS** its current trial setting of September 17, 2007.

**DATED: August 2, 2007**          /s/RUDY LOZANO, Judge
                                   **United States District Court**